UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Peter J. Barber, | ) | |
| | ) | Bankruptcy Case No. 09-37709 |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |
| | ) | |

## NOTICE OF HEARING

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the **13th day of July, 2018, at 9:30 a.m.** or as soon thereafter as counsel can be heard, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, in the room usually occupied by him, (Round Lake Beach), 1792 Nicole Lane, Round Lake Beach, Illinois, 60073, or before any other Judge who may be sitting in her place and present Debtor' **Objection to Response to Notice of Final Cure Payment**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/John H. Redfield
CRANE, SIMON, CLAR & DAN
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the attached Objection to be served on all the parties listed on the attached Service List via first class mail, properly addressed, postage pre-paid, on the 19th day of June, 2018, before the hour of 5:00 p.m.

/s/John H. Redfield

## **SERVICE LIST**

Glenn B. Stearns
801 Warrenville Rd.
Suite 650
Lisle IL 60532

Peter J. Barber
1150 Berkshire Lane
Barrington, Illinois 60010

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| Peter J. Barber, ) | |
| ) | Bankruptcy Case No. 09-37709 |
| ) | |
| Debtor. ) | Judge A. Benjamin Goldgar |
| ) | |

### **OBJECTION TO RESPONSE TO NOTICE OF FINAL CURE PAYMENT**

NOW COMES Peter J. Barber ("Debtor" or "Barber") by his attorneys, John H. Redfield and the firm of Crane, Simon, Clar & Dan, Objects to the Response of Seterus, Inc. ("Seterus"), by stating as follows:

### **Background**

1.     On October 9, 2009, the Debtor filed a Voluntary Petition for an Order of Relief under Chapter 13 of the Bankruptcy Code ("Petition Date").

2.     On April 20, 2010, the Debtor's confirmed Chapter 13 Plan, provided for 100% distribution to all creditors.  The confirmed plan also provided for the cure of the mortgage arrears of JP Morgan Chase N.A. ("Chase") in the amount of $26,295.00.  The Debtor made monthly payments to the Chapter 13 trustee at the rate of $1,135 per month ("Plan"), which was completed and the Debtor received a discharge.

3.     On the Petition Date, the mortgage was being collected by Washington Mutual ("WaMu") and the Debtor made two post-petition mortgage payments to WaMu.

4.     After the Petition Date, the Debtor was notified that WaMu was seized by the FDIC and sold to Chase.

5. On March 22, 2010, during the Chapter 13 case, the Debtor's attorney sent a letter to Chase's attorney informing Chase that it had come to Debtor's attention that Chase was misapplying the post-petition current payments. See, **Exhibit 1** attached hereto.

6. The Debtor, who is an experienced accountant, has reviewed Chase's account ledger on numerous occasions, which he determined to be incomplete, incomprehensible and irreconcilable.

7. Since the Petition Date, the Debtor has accompanied each of his mortgage payments with a letter set by certified mail with restrictive endorsements on his checks. See, **Exhibit 2** attached hereto as a sample letter.

8. On April 3, 2012, the Chapter 13 Trustee, Glenn Stearns, filed a Notice of Completion of Plan Payments and on April 10, 2012, the Trustee filed Notice of Final Cure of Mortgage.

9. On April 24, 2012, Chase's attorney filed a Response to the Final Cure Notice, acknowledging the pre-petition cure but stating Debtor had failed to pay March and April, 2012 post-petition payments each of $1,693.51 ("Response").

10. The Debtor responded to the alleged post-petition default by producing the two cancelled checks for March and April of 2012 referenced in the above Response. See, **Exhibit 3** attached hereto.

11. Contrary to allegations of Chase in its Response, the Debtor made all post-petition mortgage payments as set forth in a Schedule attached hereto as **Exhibit 4**.

12. Chase did not make an issue over the above two payment dispute over the following five (5) years, and did not assess late payment penalties.

2

13. However, when the Mortgage was transferred, to Fannie Mae and Seterus, Inc., as its servicer, on or about November 1, 2016, problems began.

14. On or about November 1, 2016, Seterus declared the loan in default based on Chase's records and demanded $4,576.80. In addition, Seterus is assessing late charges of $47.58 per month.

15. On October 18, 2017, Seterus made a written demand of payment of a default from Barber in the sum of $5,185.36 ("Demand Letter").

16. On October 18, 2017, Barber's attorney responded to the Demand Letter stating that Barber was not in default, had successfully completed his Chapter 13 case and that Seterus was violating the discharge injunction of 11 U.S.C. Section 524. See, **Exhibit 5** attached hereto.

17. On December 5, 2017, Seterus responded to Exhibit 5 with **Exhibit 6,** attached hereto, because stating that Barber's ledger was deficient because it did not include the history from April 2009 to October 2009.

18. On February 14, 2018, Barber's attorney responded to Seterus' letter with **Exhibit 7** attached hereto, which informed Seterus that pre-petition evidence was not necessary because Chase admitted in the Chapter 13 case that the pre-petition defaults were cured, and Exhibit 4 shows all post-petition payments had been made.

19. On April 3, 2018, Seterus responded to Exhibit 7 with **Exhibit 8,** (a copy is attached hereto).

20. Exhibit 8 is incorrect because current monthly payments were carried back to earlier months, which is the practice complained about in Exhibit 1. Furthermore, Seterus never identifies when the alleged default initially occurred and ignores Barber's accounting.

3

21. Seterus stubbornly insists on a default based on the ledger of Chase that is irreconcilable, and the ledger does not comply with Chapter 13 law by carrying back post-petition payments to pre-petition months.

22. Chase never declared a default regarding post-petition payments and never alerted the Debtor that he was behind on his post-petition payments.

## Discussion

23. The Debtor disputes the Response of Chase alleging a two payment default because he made all payments as set forth in Exhibit 4 during the Chapter 13 case.

24. In response to Chase's Response to the Notice of Mortgage Cure, the Debtor sent Chase's attorney's proof of payment of the two post-petition payments that were allegedly not paid and the Debtor and his attorney received no reply.

25. The Debtor's mortgage relationship was not a problem until it was transferred to FannieMae, with Seterus acting as servicer, five years after the completion of the Chapter 13 case.

26. After the transfer in 2017, Seterus added in numerous late payment penalties and declared a default.

27. On numerous occasions, the Debtor contested the default and penalties with Seterus, which were rejected by Seterus.

28. Seterus relies on the incomprehensible ledger of Chase and stubbornly insists that it can comprehend the ledger of Chase even though it ignored the Chapter 13 case in its initial response to the Debtor's attorney. Furthermore, it ignores the documentation supplied by the Debtor.

29. The response letter of Seterus dated April 3, 2018 (**Exhibit 8**) fails to indicate when the alleged default occurred and the confusing ledger of Chase does not support the letter of Seterus.

30. Seterus has repeatedly misapplied suspense account money to late payments in violation of paragraph 3 of the mortgage attached hereto as **Exhibit 9**.

WHEREFORE, Peter J. Barber, the Debtor herein, respectfully requests the entry of an Order as follows:

A) The alleged post-petition default of two payments set forth in Chase's Response to Notice of Mortgage Cure be determined to be incorrect;

B) Seterus be directed to correct its records and ledger based on the above errors;

C) Assessment of attorney's fees and costs pursuant to Rule 9011 of the Fed.R.Bank.P.; and

D) for such other order is just and proper.

                                          Respectfully submitted,
                                          Peter J. Barber

                                          /s/John H. Redfield
                                          One of his attorneys

Attorney for Debtor
John H. Redfield (Atty. No. 2298090)
Crane, Simon, Clar & Dan
135 S. LaSalle St., Ste. 3705
Chicago, IL 60603
312/641-6777
W:\JHR\Barber\Obj to Resp to Final Cure.OBJ.docx

5